# (March 24, 1983)

■ ANDREW J. BECK et al., Respondents-Appellants, v NEW YORK NEWS, INC., Appellant-Respondent, et al., Defendant. — Order of the Supreme Court, New York County (Stecher, J.), entered October 27, 1982, which granted defendant New York News, Inc.'s motion for summary judgment dismissing the first

cause of action but denied said defendant's motion for summary judgment dismissing the second and third causes of action, is modified, on the law, with costs and disbursements, to the extent of granting said defendant's motion for summary judgment on the second and third causes of action, and otherwise affirmed. Plaintiffs, who are members of the law firm of Casey, Haythe & Krugman, and their broker, Merrill Lynch Realty Commercial Services of New York, Inc., approached defendant New York News, Inc. (the News), with an offer to rent office space in a building owned by defendant at 220 East 42nd Street. *New York News* is owned by the Tribune Company, whose headquarters are in Chicago. Negotiations regarding a possible lease were conducted for more than a month, and on March 22, 1982 agreement was reached between Albert Meers, representing the News, and Andrew Beck, acting on behalf of plaintiffs. Meers advised plaintiffs that the agreement was subject to formal acceptance by Tribune officers. According to defendant, Meers repeatedly informed plaintiffs that the News would not be bound by the terms of the proposed lease until a written agreement was approved by both the Tribune Company and a duly authorized officer of the News and was then delivered to plaintiffs. Defendant also claims that Meers warned plaintiffs that any expenses incurred by them would be at the firm's risk. Plaintiffs contend that Meers told them that upon oral approval of the lease by the Chicago office, the News would stand behind the agreement and would refuse to entertain other offers for the space even at a substantially higher rental. On March 25, 1982, Meers notified Merrill Lynch that the Tribune had given its acceptance and that he had instructed counsel for the News to prepare the execution copies. Plaintiffs assert that in reliance upon the communication from Meers, Casey, Haythe & Krugman contacted an architect to draw up plans, ordered furniture, stationery, announcements, obtained new telephone listings, advised clients and colleagues of their impending change of location, orally agreed to sublet space to two of their clients, and discontinued their search for other suitable premises. On April 1, 1982, plaintiffs received four copies of the lease, along with a covering letter from a News attorney instructing them to execute and return the leases, together with the first month's rent and an irrevocable letter of credit. The letter also contained the following sentence: "As you are well aware, the lease and supplemental agreement shall not be binding on New York News Inc. until such execution and delivery by it." The next day, plaintiffs sent back signed copies of the lease enclosing a check for a month's rent and a letter of credit. However, on April 7, the News, having received a more favorable offer from a third party, decided to withdraw from the arrangement and so notified plaintiffs and their broker. The letter of credit and the uncashed rent check were duly returned. Plaintiffs commenced the instant action on April 16, 1982, alleging three causes of action. The first sought specific performance of the written lease. The second states that the parties entered into an oral agreement on or about March 22, 1982, which was subsequently breached by the News. The third cause of action asks for monetary damages to compensate plaintiffs for their out-of-pocket expenses and the additional cost of obtaining other office space. Defendants moved for summary judgment dismissing the complaint, while plaintiffs cross-moved for summary judgment of the first cause of action. In granting defendants' motion to dismiss the first cause of action, Special Term held that there was no written agreement since the News never executed or delivered the lease. The court declined to dismiss the second and third causes of action, finding questions of fact regarding whether plaintiffs' purported partial performance created an enforceable oral contract. Special Term properly granted defendants' motion to dismiss the first cause of action. The law is clear that unless there has been

execution and delivery of the lease, there is no valid written agreement. (*219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506; see, also, *Scheck v Francis,* 26 NY2d 466.*)* In the instant case, the News never subscribed to, nor delivered, the lease to plaintiffs. The letter accompanying the four copies of the unsigned lease remitted by the News not only failed to establish a contractual relationship but expressly disclaimed any intention by the News to be bound thereto prior to execution and delivery of the instrument. As for the second and third causes of action, while a court of equity may, in an appropriate situation, give effect to an oral contract, where there has been part performance, the acts performed must be " ' "unequivocally referrable" ' " to the agreement. (*Geraci v Jenrette,* 41 NY2d 660, 666.) In *Ginsberg v Fairfield-Noble Corp.* (81 AD2d 318, 320-321), this court held that: "An oral promise cannot be relied upon to estop a plea of Statute of Frauds unless the circumstances are ' "such as to render it unconscionable to deny" ' the oral promise upon which the promissee has relied" (see, also, *American Bartenders School v 105 Madison Co.,* 91 AD2d 901). The matter herein does not demonstrate sufficient basis for concluding that it would be unconscionable to enforce the Statute of Frauds. Throughout the course of the negotiations between Casey, Haythe & Krugman and the News, Meers informed plaintiffs that he lacked authority to bind the News. None of the oral representations made by Meers nor the written communications between the parties support plaintiffs' apparent belief that they could reasonably incur expenses other than at their own risk. The purported reliance which occurred here "is no more than the usual situation of parties who orally agree on a deal, intending that there shall be a written contract, and then at the point of signing, one of the parties backs out." (*Youz Films v Just Born,* 69 AD2d 778.) Consequently, Special Term should have granted defendants' motion for summary judgment dismissing the second and third causes of action. Concur — Ross, Asch and Milonas, JJ.

Murphy, P. J., and Alexander, J., dissent in a memorandum by Alexander, J., as follows: I respectfully dissent from the modification of the order below and would affirm that order in its entirety. As pointed out by the Judge at Special Term: "It is difficult to understand how the letter of credit is to be explained except as an apparently substantial partial performance of the oral agreement. The significance of that act creates a fact question of major proportion." In addition, it is alleged by the plaintiffs, and in my view not satisfactorily denied by the defendant News, that it was represented to them "that after the lease terms had been approved by the Tribune officers in Chicago, the News would stand behind its agreement and would refuse to entertain offers for the space even if those offers were for substantially more rent than had been agreed upon with us." If such representations were made, and there was reliance thereon, issues which cannot be determined at this stage of the proceedings, plaintiffs might indeed be entitled to the intervention of a court of equity. (See *Club Chain of Manhattan v Christopher & Seventh Gourmet,* 74 AD2d 277, app dsmd 53 NY2d 703.)