■ BASIL N. APOSTLE et al., Appellants, v WALTER KAC et al., Respondents.—In an action seeking specific performance of a real estate sales contract, plaintiffs appeal from an order of the Supreme Court, Westchester County (Burchell, J.), entered April 11, 1984, which granted defendants' motion for summary judgment and denied their cross motion for the same relief.

Order affirmed, with costs.

Special Term properly found that no binding contract had been entered into by the parties. It is axiomatic that a contract for the sale of real property is void unless it is in writing and signed by the parties to be charged (General Obligations Law § 5-703 [2]; *Bee Jay Indus. Corp. v Fina,* 98 AD2d 738, *affd* 62 NY2d 851). Though defendants signed the contract rider containing collateral terms of the sale, they did not sign the contract itself, which embodied the essential terms of the contract. Plaintiffs do not allege, nor does the record provide, any facts which might indicate that this failure of execution was inadvertent. Furthermore, Special Term properly found that the cover letter attached to the unexecuted contract sent to the plaintiffs specifically provided that defendants would not be bound until there was full execution of the contract and delivery of the contract to plaintiffs *(see, e.g., Beck v New York News,* 92 AD2d 823, *affd* 61 NY2d 620; *cf. Church of God v Fourth Church of Christ,* 76 AD2d 712, 715, *affd* 54 NY2d 742). Since neither full execu-

tion nor delivery was accomplished, no binding contract was created. Gibbons, J. P., Thompson, Weinstein and Kunzeman, JJ., concur.