■ MURRAY PAPELL, Respondent, v SAL CALOGERO, Individually and Trading as WORLD WIDE HOBBY and as President of World Wide Hobby, et al., Defendants, and BRIDON REALTY Co., Appellant.—In an action to recover damages for breach of contract and tortious interference with contractual relations, defendant Bridon Realty Co. appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Rockland County (Weiner, J.), dated September 4, 1984, as awarded plaintiff damages against it for tortious interference with a contract to which plaintiff was a party.

Judgment reversed, insofar as appealed from, on the law, with costs, and the action as against defendant Bridon Realty Co. is dismissed.

The jury found that appellant tortiously interfered with a contract between plaintiff and defendant Calogero Corporation for the assignment of Calogero's lease and the sale of some of its inventory. Specifically, appellant, which was the owner of the leasehold premises, was charged with making an unreasonable demand of $1,500 to consent to the lease assignment in contravention of the terms of the lease which provided that the landlord would not unreasonably withhold consent to any assignment. Appellant's liability was predicated upon a factual finding by the jury that this act caused Calogero to breach its contract with plaintiff. The only written evidence of this contract was the following "receipt" signed by the president of defendant Calogero: "Received $500 deposit from Murray Papell for the purpose of lease assignment for the premises located at 242 So. Main St. New City N. Y. 10956. Total due to World Wide Hobby is $2,760.00 plus any stock the buyer would consider. Due is $2,260.00 on Dec. 15, 1982 to finalize assignment. Assignment begins Jan. 1, 1982". Both plaintiff and Calogero testified that their agreement envisioned the sale of a substantial portion of Calogero's inventory and that, at the time of the execution of this document, negotiations were continuing on the terms of that aspect of the agreement. The purported written memorialization of the parties' contract merely indicates an agreement to agree with respect to that material term.

The keystone of the tort of interference with contractual relations is the existence of a contract (Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183). Pursuant to the Statute of Frauds (General Obligations Law § 5-701 [a] [10]; § 5-703 [2]; UCC 2-201; Long Is. Pen Corp. v Shatsky Metal Stamping Co., 94 AD2d 788), in the absence of a written agreement memorializing all the material terms, there cannot

be an enforceable contract. Plaintiff's assertion that appellant. waived the issue of Statute of Frauds is in error. Similarly, its assertion of part performance does not unequivocally refer to the existence of a contract *(Jonestown Place Corp. v 153 W. 33rd St. Corp.,* 53 NY2d 847). In any event, part performance may only be asserted to overcome the defense of the Statute of Frauds in an action for specific performance of the contract, and may not be raised, as here, in an action to recover damages for tortious interference with the alleged contract (General Obligations Law § 5-703 [4]; *Mihalko v Blood,* 86 AD2d 723).

It is true that a voidable contract may also give rise to an action to recover damages for tortious interference. However, in such a situation it has been held that there must be a showing of fraudulent representations, threats or a violation of a duty of fidelity *(see, Guard-Life Corp. v Parker Hardware Mfg. Corp., supra,* at p 194). No such showing was made here. Therefore, plaintiff's cause of action for tortious interference with a contract cannot be sustained. O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.