■ CASS E. MULFORD, Doing Business as NEW YORKER NORTH APARTMENTS, Appellant, v BORG-WARNER ACCEPTANCE CORPORATION, Respondent.—Harvey, J. Appeal from an order and judgment of the Supreme Court at Special Term (Murphy, J.), entered April 19, 1985 in Madison County, which granted defendant's motion for summary judgment dismissing the complaint.

This is an action involving a written lease for certain office space in the Village of Canastota, Madison County, for a period of two years. The lease was never subscribed by anyone on behalf of defendant. Prior to the lease in issue, there were three written leases between these parties involving space in the same office building owned by plaintiff. Each lease expired on March 31, 1983. Prior to the expiration date, plaintiff proposed a new lease for a three-year period involving the same accommodations. Defendant informed plaintiff that it would not lease one of the office suites previously occupied by it and that, as to the remaining space, it would only be interested in a two-year lease. Thereafter, and on the expiration date of the original lease, plaintiff prepared a written two-year lease, subscribed it and delivered it to defendant. Although defendant retained possession of the property described in the document and paid rent at a rate in accordance with the provisions contained therein, it never signed the new lease. On August 2, 1983, defendant notified plaintiff that it was quitting the premises as of August 31, 1983, and paid the rent for that month.

Plaintiff commenced this action alleging that the unexecuted lease was a valid lease and demanded unpaid rent and other expenses alleged to have resulted from defendant's default. After issue was joined, defendant moved pursuant to

CPLR 3212 for summary judgment dismissing the complaint, relying upon General Obligations Law § 5-703 (2) as an absolute defense. Special Term granted the motion and this appeal ensued.

General Obligations Law § 5-703 (2) provides: "A contract for the leasing for a longer period than one year, or for the sale, of any real property, or an interest therein, is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, or by his lawful agent thereunto authorized by writing." Although plaintiff freely admits that the proposed lease was never subscribed by defendant, he contends that signed checks delivered to plaintiff for monthly rentals in the amounts as would have been required by the proposed lease constitute sufficient memoranda to satisfy the Statute of Frauds. We disagree. The law requires that the memoranda embody all the essential and material parts of the lease contemplated with such clarity and certainty as to show that the parties have agreed on all the material parts of the lease contemplated (Sheehan v Culotta, 99 AD2d 544, 545; Condo v Mulcahy, 88 AD2d 497, 499-500; 56 NY Jur, Statute of Frauds, § 174, at 250-251 [1961]). The only material factors which could be established by the checks were the fact of possession and the amount of monthly rental. Nothing contained in the checks or any memoranda attached thereto gave any clue as to the term of the lease. The notation on the memo portion of the first check stating "additional rent due for April (new lease)" is inconsistent with a month-to-month tenancy. This notation is insufficient to establish a tenancy involving all the provisions, including the term, of the proposed written but unsigned lease. We conclude, therefore, that defendant's occupancy of the premises from April 1, 1983 to August 31, 1983 was on the basis of a month-to-month tenancy (see, Real Property Law § 232-c).

It appears to us that plaintiff has now abandoned its reliance upon part performance as a means to avoid the defense of the Statute of Frauds. It is clearly evident that General Obligations Law § 5-703 (4) applies only to specific performance. This action is for money damages and not for any equitable relief. Consequently, if we are mistaken as to plaintiff's present contention in that regard, we conclude that the part performance theory is unavailable to plaintiff under the circumstances of this case. Plaintiff also claimed money damages for certain improvements to his rental property made, ostensibly, upon his expectation that defendant would con-

tinue to lease. There was no evidence of any promise on the part of defendant nor any facts to establish contractual liability.

Although the complaint does not allege any facts to establish a month-to-month tenancy on the part of defendant nor a breach of the requirement of Real Property Law § 232-b in its failure to give timely notice of termination, defendant has stipulated to giving plaintiff one additional month's rent. The basis for the stipulation was that defendant's notice to terminate was not timely for avoidance of rent after August 31, 1983. It was given one day late. Plaintiff also claims his entitlement to reasonable counsel fees. This claim must be denied if for no other reason than that no proof was offered in that regard.

Order and judgment modified, on the law and the facts, without costs, by granting plaintiff judgment for one month's rent for September 1983 in accordance with defendant's stipulation, and, as so modified, affirmed. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.