■ MURRAY PAPELL, Respondent, v SAL CALOGERO et al., Defendants, and BRIDON REALTY Co., Appellant.—In an action to recover damages for breach of contract and tortious interference with contractual relations, the defendant Bridon Realty Co. (hereinafter Bridon) appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Rockland County (Weiner, J.), dated September 4, 1984, as, upon a jury verdict, awarded the plaintiff damages against it for tortious interference with a contract to which the plaintiff was a party. By order of this court, dated October 15, 1985, the judgment was reversed, insofar as appealed from, on the law, and the action against Bridon was dismissed (see, Papell v Calogero, 114 AD2d 403). By order of the Court of Appeals dated July 3, 1986, the order of this court was modified by reinstating the award of compensatory damages, and the matter was remitted to this court for a review of the facts pertaining thereto (Papell v Calogero, 68 NY2d 705).

Ordered that the judgment dated September 4, 1984 is modified by dismissing the plaintiff's claim to recover punitive damages against Bridon and thereupon reducing the sum awarded to the plaintiff against Bridon to the sum of $5,000 with interest from November 1, 1982, representing the jury's award for compensatory damages. As so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme

Court, Rockland County, for the entry of an appropriate amended judgment.

Upon remittitur from the Court of Appeals *(see, Papell v Calogero, supra),* and further review of the record, it cannot be said that the verdict of liability and award of compensatory damages was against the weight of the credible evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493). Accordingly, the jury's findings of fact on those issues are affirmed. Rubin, J. P., Lawrence, Eiber and Kunzeman, JJ., concur.