■ JOKAY, INC., Appellant, v LAWRENCE E. LAGARENNE et al., Respondents, et al., Defendants.—Weiss, J. Appeal from an order of the Supreme Court (Williams, J.), entered May 22, 1987 in Sullivan County, which granted a motion by various defendants for summary judgment dismissing the complaint against them.

Plaintiff commenced this action pursuant to RPAPL article 15 seeking to clarify title to certain property in the Town of Thompson, Sullivan County, and to confirm an easement through an adjoining parcel. Two main properties are involved in this dispute. The first was obtained by plaintiff's predecessors in title, defendants Philip Kahaner, Gertrude Seidner and Sylvia Katz (hereinafter collectively referred to as Kahaner) by two deeds in 1962 and 1970, respectively, and is described in schedule D annexed to the complaint. The second property, which abutted Kahaner's property, was owned by defendant Nathan Greenberg until 1977.

The essence of plaintiff's claim is that in 1977 Kahaner settled a boundary line dispute with Greenberg, through an agreement which reduced Greenberg's parcel by about four

acres and ostensibly allotted Greenberg access rights to Route 42, a State highway bordering both main properties. Thereafter, by deed dated July 21, 1977, Kahaner conveyed two separately identified parcels of land, as described in schedule C of the complaint, to defendants Sol Zolchonock, Irving Golstein and Irving Cohen (hereinafter collectively referred to as Zolchonock), while ostensibly retaining a permanent easement and right-of-way. By deed dated July 28, 1977 and recorded simultaneously with the Kahaner deed, Greenberg transferred his entire parcel, consisting of approximately 18.2 acres, to Zolchonock. Significantly, the first parcel described in schedule C, deeded by bargain and sale, included an area overlapping the land transferred by Greenberg. The second parcel described in schedule C, deeded by quitclaim, was completely included in the area transferred by Greenberg. A third area, triangular in shape and bordered by Route 42, a brook and Greenberg's southern property line, was not included in Kahaner's deed to Zolchonock but was deeded to Zolchonock by Greenberg. Kahaner's asserted interests in the overlap areas were purportedly obtained by virtue of the boundary line agreement.

In 1983, Zolchonock conveyed all of its premises to defendants Lawrence E. Lagarenne and Jack S. Ingber, incorporating the language utilized in the 1977 deed from Kahaner to Zolchonock. Thereafter, Lagarenne and Ingber conveyed a portion of the disputed premises to defendant McDonald's Corporation (as described in schedule A of the complaint) and transferred a partial interest to defendants Harold Gold and Raymond Gold (as described in schedule B of the complaint). In the meantime, Kahaner deeded the property set forth in schedule D, less the interest conveyed to Zolchonock in 1977, to plaintiff in 1984. Following the commencement of this action, a motion by Lagarenne, Ingber and the Golds (hereinafter collectively referred to as defendants) for summary judgment dismissing the complaint against them was granted, and Supreme Court further declared that plaintiff held neither an ownership interest nor easement rights in the property of defendants or McDonald's. This appeal by plaintiff ensued.

We affirm. Plaintiff essentially maintains that it owns the triangular parcel previously described and enjoys an easement through the schedule C parcels conveyed by Kahaner to Zolchonock in 1977. It is evident that plaintiff's rights in the overlap areas in issue necessarily depend on the validity of the purported boundary line agreement. As a general rule, an

oral agreement to transfer an interest in real property is unenforceable under the Statute of Frauds *(see,* General Obligations Law § 5-703 [1]; *Jonestown Place Corp. v 153 W. 33rd St. Corp.,* 53 NY2d 847, 849). The purported boundary line agreement between Kahaner and Greenberg was not reduced to writing. Nonetheless, plaintiff maintains that the 1977 deed from Kahaner to Zolchonock, utilizing a "proposed common boundary line, by agreement between Greenberg * * * and Kahaner" for description purposes, and a 1976 survey revised by John Galligan indicating an amended boundary line, constitute sufficient memoranda to satisfy the Statute of Frauds. While these documents and the fact of the simultaneous transfer of property to Zolchonock indicate, at the very least, that a boundary line agreement was *proposed,* the Statute of Frauds bar remains in effect since Greenberg never subscribed any memorandum concerning the transfer of the overlap area *(see, Mulford v Borg-Warner Acceptance Corp.,* 115 AD2d 163, 164; *Beck v New York News,* 92 AD2d 823, 824-825, *affd* 61 NY2d 620; *see also, Snay v Wood,* 50 AD2d 651).

Plaintiff argues, nonetheless, that defendants should be equitably estopped from asserting the Statute of Frauds defense *(see, American Bartenders School v 105 Madison Co.,* 59 NY2d 716, 718). The doctrine of equitable estoppel is designed "to prevent the infliction of unconscionable injury and loss upon one who has relied on the promise of another" *(supra,* at 718). Plaintiff has failed to demonstrate that its predecessors in title, i.e., Kahaner, detrimentally relied on any oral representations by Greenberg. Plaintiff's assertion that the Kahaner conveyance to Zolchonock would never have been made in the absence of a boundary line agreement simply begs the question of whether Kahaner had any ownership interest to convey. Defendants, in fact, submitted documentary proof via an abstract of title that their title to the overlap area in dispute had seniority over any title claimed by plaintiff or Kahaner because it was deeded out of the common grantor prior to plaintiff's title. In their moving papers, defendants included a letter from a title insurance company certifying that the southern border of the Greenberg parcel, as reflected in the 1983 recertified survey of Galligan, was senior in title to any premises situated to the south, i.e., plaintiff's parcel.* Significantly, the metes and bounds description utilized in the

---

* An accompanying affidavit from Galligan explained that the amended boundary line and related note were deleted from the 1983 revised survey in view of the clarification of title by the title insurance company.

1977 Greenberg to Zolchonock deed described the 18.2-acre parcel in its entirety, effectively disregarding the amended boundary line.

Nor has plaintiff demonstrated sufficient part performance so as to remove the oral agreement from the operation of the Statute of Frauds *(see, American Bartenders School v 105 Madison Co., supra,* at 718; *Jonestown Place Corp. v 153 W. 33rd St. Corp., supra,* at 849; *Beck v New York News, supra* at 825).* That Zolchonock may have partially constructed a bridge to the triangular parcel in accord with the 1977 Kahaner to Zolchonock deed is not dispositive, for the performance must be that of the suitor, i.e., plaintiff *(see, Walter v Hoffman,* 267 NY 365, 370). Accordingly, since the Statute of Frauds vitiates the purported boundary line agreement, ownership of the overlap area, including the triangular parcel, passed from Greenberg to Zolchonock and then on to defendants and McDonald's.

The same analysis defeats plaintiff's easement claims. The 1977 deed from Kahaner to Zolchonock provided, in part, that Zolchonock "shall simultaneously *grant* to [Kahaner] a permanent easement and right of way" over the premises being conveyed by Kahaner and simultaneously by Greenberg (emphasis supplied). Since Zolchonock did not sign this deed, an easement by express grant, as anticipated by the language utilized, could not have been created *(see,* General Obligations Law § 5-703 [1]). Nor could Kahaner create an easement by reservation since, as indicated, Kahaner did not enjoy fee simple title to the overlap area in question *(see,* 49 NY Jur 2d, Easements, § 38, at 122-123). As with plaintiff's ownership claims, there has been no showing of part performance or reliance such as to create an easement by estoppel. Finally, the record fails to demonstrate either an easement by prescription or implication *(see generally,* 49 NY Jur 2d, Easements, § 50, at 137-139). Since an alternative access is available to plaintiff's property, no actual necessity exists to support an implied easement of necessity *(see, McQuinn v Tantalo,* 41 AD2d 575, *lv denied* 32 NY2d 610).

In sum, plaintiff failed to raise any triable factual questions precluding the granting of summary judgment dismissing the complaint against defendants and a declaration of ownership rights in favor of defendants and McDonald's.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.