■ RONALD S. TECLER, Appellant, v ERWIN SIWEK et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court (Dier, J.), entered December 8, 1988 in Warren County, which denied plaintiff's motion to, *inter alia,* dismiss defendants' counterclaims.

Plaintiff owns property which borders Lake George in the Town of Hague, Warren County. Defendants are adjoining landowners whose northern border is entirely bounded by plaintiff's property. In order to maintain water pipes, defendants, whose land does not abut Lake George, have an easement across adjoining property owned by Leo Weiss. Defendants orally agreed to have their waterline repaired by a contractor at an agreed-upon estimated cost. On June 28, 1986, the contractor and subcontractor were digging a trench with a backhoe when plaintiff informed them that they were digging on his property. The contractor ceased work and filled in the trench but returned later in the day to obtain plaintiff's permission to continue to dig. Permission was refused. As the result of a meeting between plaintiff and defendant Geraldine Siwek on the following day, defendants decided not to repair

the existing waterline but, rather, to install a new one and a pump and repair the damage to plaintiff's land. Defendants again orally agreed with the contractor to do this work at an estimated cost of $1,200. On July 3, 1986, plaintiff saw a backhoe digging a trench on land he claimed to be his and informed the workers they were trespassing. Defendants were present and spoke with plaintiff and thereafter the workers ceased digging.

Plaintiff commenced this action for damages to his property and for a permanent injunction to restrain defendants from trespassing. Plaintiff obtained a temporary restraining order on July 18, 1986 and a preliminary injunction on September 22, 1986, enjoining any trespassing or excavating on his land by defendants during pendency of this action. Defendants interposed two counterclaims. The first alleged negligence by plaintiff in first granting them and then withdrawing permission to store the excavated dirt on plaintiff's property, thereby interfering in the performance of the contract between defendants and the contractor. The second counterclaim alleged that plaintiff's representations that dirt could be stored on his property for 48 hours were false and defendants were damaged thereby. Plaintiff moved to dismiss the counterclaims for failure to state a cause of action or, in the alternative, for summary judgment dismissing them. Plaintiff's supporting affidavit states that he never gave defendants permission to enter upon plaintiff's land for any purpose, either to store dirt or for any other reason. Geraldine Siwek averred that plaintiff told her the contractor could put dirt on plaintiff's land but could not dig on it. She stated she thought the excavation was taking place on the easement located on the Weiss property. Supreme Court denied plaintiff's motion and this appeal ensued.

The first counterclaim attempted to allege plaintiff's tortious interference with defendants' agreement with the contractor. The elements of this cause of action are (1) existence of a valid contract, (2) knowledge of the contract on plaintiff's part, (3) plaintiff's intentional interference with the contract, (4) lack of reasonable justification, and (5) damages (*Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 281-282; *John v Hoag*, 131 Misc 2d 458, 468-469). The interference required must be intentional, not merely negligent (*Alvord & Swift v Muller Constr. Co., supra,* at 281-282). Here we find no allegation and no evidence of such intention in the record. Furthermore, plaintiff's actions were incidental to the protection of his property. The first counterclaim should, therefore, have

been dismissed pursuant to CPLR 3211 (a) (7). Additionally, summary judgment relief was appropriate inasmuch as the affidavits and deposition did not contain evidence making a prima facie showing of merit.

We also find the second alleged counterclaim to be legally insufficient. The parties agree that no permission was granted to defendants to excavate on plaintiff's land; they dispute only whether permission was granted to place dirt on plaintiff's land. Defendants' reliance on part performance is misplaced. Part performance only applies to overcome the defense of the Statute of Frauds in an action for specific performance of a contract. Partial performance is not germane to an action for interference with contract (Papell v Calogero, 114 AD2d 403, 404, mod 68 NY2d 705). Even if defendants' statements are credited, the greatest interest they ever received in plaintiff's land was an oral license to store the excavated dirt there for a 48-hour period. A premature revocation of this oral license, which lacked any consideration, would not result in liability. The second counterclaim was likewise legally insufficient and summary judgment should have been granted by Supreme Court to dismiss it.

The order of Supreme Court which denied plaintiff's motion to dismiss defendants' counterclaims should therefore be reversed and plaintiff's motion for summary judgment dismissing both counterclaims for legal insufficiency should be granted.

Order reversed, on the law, with costs, motion granted and counterclaims dismissed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.