OPINION OF THE COURT
Ira Gammerman, J.
Defendants move to dismiss for failure to state a cause of action, asserting that plaintiffs claim is barred by the Statute of Frauds. Plaintiff seeks compensation allegedly agreed to orally by defendants for having facilitated the purchase by defendants of real property in California. No written memorandum of the *1003 agreement exists, but plaintiff argues the Statute of Frauds does not apply because of the statute’s exception for licensed real estate brokers. I find that the Statute of Frauds does apply, and that, additionally, plaintiff is precluded from asserting his claim by provisions of the Real Property Law.
In May of 1994, plaintiff’s president Avram Lebor allegedly informed defendants about the availability of certain California property, and proposed that defendants join with him in a venture for its purchase. Plaintiff claims that defendants turned down the joint venture but orally agreed to compensate plaintiff should its efforts facilitate the purchase by defendants of the property. Plaintiff contends it then provided services to the defendants in aid of a possible purchase offer. Defendants eventually made an offer to the vendor which was rejected. They subsequently purchased the property at public auction for approximately the same amount they had originally offered. Plaintiff acquired a New York real estate broker’s license on March 1, 1995; Lebor individually was licensed on January 7, 1996.
All parties reside in New York, and the agreement, if it exists, was made in New York. Two New York statutes apply. One is General Obligations Law § 5-701, the Statute of Frauds, which requires generally that agreements involving real estate be memorialized in writing, but establishes an exception in subdivision (a) (10) for contracts to pay reasonable compensation to duly licensed real estate brokers. The other statute is Real Property Law § 442-d, which provides that no action for compensation may be maintained for services in aid of real estate purchases by any person not a licensed real estate broker or salesperson on the date the alleged cause of action arose.
The threshold issue therefore is whether plaintiff or its president was a licensed real estate broker at such time as would permit an exception under General Obligations Law § 5-701 (a) (10) and a claim under Real Property Law § 442-d.
General Obligations Law § 5-701 (a) (10) does not specify when during the process of a real estate transaction a broker must be licensed in order to qualify for an exception to the written-agreement requirement, nor does Real Property Law § 442-d define when a cause of action arises. Guidance, however, may be found in Real Property Law § 441, and in a number of decisions. Section 441 requires that applicants for a real estate broker’s license pass an examination validating their competence in such subjects as deeds, mortgages, contracts of sale and lease, and the obligations between *1004 principal and agent. Applicants must also attend an approved real estate course of at least 90 hours. The stated intent of the licensing requirements is to protect the public. Clearly the Legislature established licensing requirements to assure the public of services competently, skillfully and ethically rendered by real estate brokers, and it follows that the time when a real estate broker must possess a license is when it actually renders these services. In Galbreath-Ruffin Corp. v 40th & 3rd Corp. (19 NY2d 354, 362 [1967]), the Court unequivocally stated "[i]t is, of course, the law that commissions cannot be recovered by a real estate broker who is unlicensed while his services were rendered”. In Bersani v Basset (184 AD2d 996 [4th Dept 1992]), a broker was licensed when he rendered services but not licensed at the closing. The defendant seller claimed that the broker’s alleged cause of action under Real Property Law § 442-d arose at the date of closing. The appellate court disagreed, holding that generally a broker is entitled to a commission if it was licensed at the time the services were rendered, not at the time of the closing. Justice Pound held in Bendell v De Dominicis (251 NY 305 [1929]) that a broker who was licensed when he was first employed and licensed again when the contract of sale was concluded but was not licensed during the time he sought and found a purchaser was not entitled to a commission. Similarly, Justice Cardozo wrote that a broker who had not renewed his lapsed license until October 26, 1923 "was thus without a license on October 16, 1923, when the purchaser was procured and the cause of action arose” (Roman v Lobe, 243 NY 51, 52 [1926]).
While the cases cited above were decided on the basis of Real Property Law § 442-d or its predecessors, the principles and policy regarding licensure apply with equal force to General Obligations Law § 5-701 (a) (10). A broker must be licensed when it renders its services, and it is to that time that a court must look in order to determine whether a broker may evade the requirements of an agreement in writing.
The services allegedly rendered by plaintiff and Lebor consisted of informing defendants about the property in question and of providing materials to assist defendants in preparing an offer. These services were rendered in May 1994 and fairly soon thereafter; the latest germane correspondence in evidence is dated July 6, 1994. Plaintiff acquired a broker’s license on March 1, 1995, and has not shown it was licensed prior to then. Plaintiff was therefore not licensed when it rendered its services, and is precluded from seeking compensa *1005 tion under both Real Property Law § 442-d and General Obligations Law § 5-701.
Plaintiff argues in the alternative that if the Statute of Frauds is found to apply, plaintiff should nonetheless be compensated under a theory of equitable estoppel. It cites Merex A.G. v Fairchild Weston Sys. (29 F3d 821 [2d Cir 1994], cert denied 513 US 1084) and Special Event Entertainment v Rockefeller Ctr. (458 F Supp 72 [SD NY 1978]). While these cases hold that a court may at its discretion disregard a mandate of the Statute of Frauds, such disregard must rest on extraordinary and unconscionable injury to plaintiff, injury beyond that which flows naturally from the nonperformance of the unenforceable agreement. The circumstances in the instant case do not meet that requirement. Plaintiff’s action is therefore dismissed.