█ STAINLESS BROADCASTING COMPANY, Appellant, v CLEAR CHANNEL BROADCASTING LICENSES, L.P., Respondent. [871 NYS2d 468]—

---

Peters, J.P. Appeal from an order of the Supreme Court (Lebous, J.), entered October 26, 2007 in Broome County, which granted defendant's motion to dismiss and/or for summary judgment.

Plaintiff entered into a written lease with Majac of Michigan, Inc. whereby Majac agreed to rent space on plaintiff's antenna tower for two of its radio broadcasting antennas, as well as a portion of land in the Town of Binghamton, Broome County, upon which the tower lies. The five-year lease, which commenced on January 1, 2000, contained an option to extend for an additional five-year period upon timely written notice to plaintiff prior to the expiration of the lease term.

In October 2000, Majac assigned its rights and obligations under the lease to defendant. Although the lease expired on January 1, 2005, and defendant had not exercised its option to extend the lease, it continued to occupy the leased premises and pay rent as invoiced by plaintiff. In December 2005, plaintiff's general manager, John Leet, presented defendant's marketing manager, Joanne Aloi, with a proposed written lease for a five-year term effective January 2006. Aloi informed Leet that the proposed lease would have to be reviewed and ultimately signed by corporate headquarters. Despite subsequent inquiries by plaintiff, the lease was never executed by defendant. Plaintiff voiced no objection throughout 2006, during which time defendant continued to occupy the leased premises and pay rent as invoiced by plaintiff.

On December 29, 2006, defendant removed its broadcasting equipment and vacated the premises. Thereafter, plaintiff made a written demand for defendant to remit $299,700, a sum which plaintiff claimed represented rent payments for the balance of the five-year 2006 lease term. Upon defendant's refusal, plaintiff commenced this action on the theories of breach of contract, breach of implied duty of good faith and fair dealing, unjust enrichment, quantum meruit and fraud. Plaintiff also sought a declaration that the 2006 lease was in full force and effect. In lieu of an answer, defendant moved for dismissal of the complaint and summary judgment pursuant to CPLR 3211

and/or 3212. In an order without a supporting decision, Supreme Court granted defendant's motion and dismissed the complaint, prompting this appeal.

Initially, we note that Supreme Court's order fails to specify the ground upon which it granted defendant's motion. In the event that the court treated defendant's motion as one for summary judgment, we find this to be error. A motion for summary judgment may not be made prior to joinder of issue (*see* CPLR 3212 [a]) and, although a motion to dismiss pursuant to CPLR 3211 may be converted to a summary judgment motion by the court after giving the parties adequate notice (*see* CPLR 3211 [c]; *Lockheed Martin Corp. v Aatlas Commerce, Inc.*, 283 AD2d 801, 802 [2001]), the record discloses no such notice by the court. While "the notice requirement may be obviated in cases where it can be found that the parties 'deliberately chart[ed] a summary judgment course' " (*Henbest & Morrisey v W.H. Ins. Agency*, 259 AD2d 829, 829-830 [1999], quoting *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320 [1987]), the record before us does not support such a finding. Although plaintiff made some effort to controvert the evidence presented in support of defendant's motion, we cannot conclude that it clearly intended to chart a summary judgment course (*see Wadsworth v Beaudet*, 267 AD2d 727, 730 [1999]). As a result, we proceed to determine defendant's motion to dismiss and, in doing so, we "must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see Team Mktg. USA Corp. v Power Pact, LLC*, 41 AD3d 939, 940 [2007]).

We first address plaintiff's claim that the 2006 lease was a valid and enforceable agreement between the parties. The statute of frauds provides that a contract to lease real property for a period longer than one year is void and unenforceable unless the contract is in writing and signed by the party to be charged (*see* General Obligations Law § 5-703 [2]). Here, plaintiff does not dispute that the 2006 lease was never signed by defendant, instead arguing that defendant orally agreed to the 2006 lease and that its partial performance is sufficient to take the oral agreement out of the statute of frauds. Plaintiff's reliance on part performance, however, is misplaced, as "[p]art performance only applies to overcome the defense of the [s]tatute of [f]rauds in an action for specific performance of a contract" (*Tecler v Siwek*, 151 AD2d 813, 815 [1989]; *see* General Obligations Law § 5-703 [4]; *Mulford v Borg-Warner Acceptance Corp.*, 115 AD2d 163, 164 [1985]; *Papell v Calogero*, 114 AD2d 403, 404 [1985],

*mod on other grounds* 68 NY2d 705 [1986]). As this action is pleaded as one at law and seeks only money damages, without any prayer for equitable relief, the doctrine of part performance is unavailable to plaintiff (*see Mulford v Borg-Warner Acceptance Corp.*, 115 AD2d at 164; *Mihalko v Blood*, 86 AD2d 723, 724 [1982]).

Nor are we persuaded that the doctrine of equitable estoppel prevents defendant from asserting the statute of frauds as a defense. The doctrine of equitable estoppel is designed "to prevent the infliction of unconscionable injury and loss upon one who has relied on the promise of another" (*American Bartenders School v 105 Madison Co.*, 59 NY2d 716, 718 [1983]; *see Jokay, Inc. v Lagarenne*, 138 AD2d 778, 780 [1988]). While plaintiff alleged that in January 2006 Aloi orally agreed to the terms of the 2006 lease, plaintiff also acknowledged that Aloi informed Leet at that time that the contract would have to be sent to defendant's legal department for review and signing. Thus, plaintiff could not have reasonably and justifiably relied on the alleged oral agreement in light of its awareness that Aloi lacked the authority to bind defendant (*see Beck v New York News*, 92 AD2d 823, 825 [1983], *affd* 61 NY2d 620 [1983]). Moreover, defendant continued paying rent during that time and continued to do so until it vacated plaintiff's premises in December 2006 and, therefore, plaintiff's alleged injury represents nothing more than that which flowed naturally from the nonperformance of the remaining term of the unenforceable agreement (*see American Bartenders School v 105 Madison Co.*, 91 AD2d 901, 902 [1983], *affd* 59 NY2d 718 [1983]; *see also M.K.D. Capital Corp. v Miller*, 170 Misc 2d 1002, 1005 [Sup Ct, NY County 1996]; *compare Fleet Bank v Pine Knoll Corp.*, 290 AD2d 792, 797 [2002]). Consequently, plaintiff was not entitled to a declaration that the 2006 lease was valid and binding upon defendant. Because Supreme Court failed to make a declaration that the 2006 lease was unenforceable, the order should be modified accordingly.

Alternatively, plaintiff argues that defendant impliedly agreed to exercise the option to renew the 2000 lease by virtue of its continued possession of the leased premises beyond the lease's termination date and payment of rent. We disagree. Real Property Law § 232-c provides that "[w]here a tenant whose term is longer than one month holds over after the expiration of such term, such holding over shall not give to the landlord the option to hold the tenant for a new term solely by virtue of the tenant's holding over." Rather, where a tenant holds over and the landlord accepts rent subsequent to the expiration of the term,

the tenancy created by the acceptance of rent is a month to month tenancy, "unless an agreement either express or implied is made providing otherwise" (Real Property Law § 232-c; *see Matter of Jaroslow v Lehigh Val. R.R. Co.*, 23 NY2d 991, 993 [1969]). As this statute abrogated the common-law holdover rule, which provided that a tenant's holdover gives to the landlord an option to bind the tenant to a new term solely by virtue of such holdover (*see United Mut. Life Ins. Co. v ICBC Corp.*, 64 AD2d 506, 508 [1978]; *28 Mott St. Co. v Summit Import Corp.*, 34 AD2d 144, 146 [1970], *affd* 28 NY2d 508 [1971]), plaintiff could not hold defendant to another five-year term simply by continuing to accept rent payments after the expiration of the 2000 lease. On the issue of whether there was "an agreement[,] either express or implied," to renew the 2000 lease (Real Property Law § 232-c), there was clearly not an express agreement to this effect, and, "[s]ince it is evident that [plaintiff] was attempting to secure a new lease, we perceive no basis to imply an agreement to extend the existing lease" (*Matter of Joyous Holdings v Volkswagen of Oneonta*, 128 AD2d 1002, 1005 [1987]). Therefore, we find that Supreme Court properly found that the 2000 lease was not impliedly extended.

In light of our rulings that the 2006 lease is unenforceable and the 2000 lease was not renewed, we likewise agree with Supreme Court's dismissal of plaintiff's causes of action for breach of contract and breach of implied duty of good faith and fair dealing. Further, plaintiff's claims for unjust enrichment and quantum meruit must also be dismissed, as defendant paid rent at all times while occupying the premises and plaintiff has failed to adduce proof that defendant has retained any benefit for which it has not paid (*see Precision Founds. v Ives*, 4 AD3d 589, 591 [2004]; *Lake Minnewaska Mtn. Houses v Rekis*, 259 AD2d 797, 798 [1999]). Lastly, we agree that plaintiff failed to state a cause of action for fraud. The alleged assurances by Aloi that defendant would enter into the 2006 lease constitute nothing more than " 'mere expressions of opinion of present or future expectations [which] are not to be considered promises when examining the issue of fraud' " (*Hewlett v Staff*, 235 AD2d 696, 697 [1997], quoting *Crossland Sav. v SOI Dev. Corp.*, 166 AD2d 495 [1990]). As plaintiff simply alleged in a conclusory fashion that Aloi knew that the contract would not be executed at the time she made such representations, plaintiff's fraud claim must fail (*see Tanzman v La Pietra*, 8 AD3d 706, 708 [2004]).

Spain, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant,

by declaring that the 2006 lease was unenforceable, and, as so modified, affirmed.