◼ EUGENE RACANELLI, INC., et al., Respondents, v INCORPORATED VILLAGE OF BABYLON et al, Appellants. [886 NYS2d 827]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Suffolk County (Molia J.), dated March 25, 2008, which granted the plaintiffs' motion for summary judgment dismissing their counterclaim for, among other things, specific performance of a contract for the sale of real property.

Ordered that the order is affirmed, with costs.

The cover letter attached to an unexecuted contract of sale for the subject real property, which was sent to the attorney representing the defendants, specifically provided that the seller would not be bound until the contract of sale had been executed and delivered to the office of the defendants' attorney. Inasmuch as neither full execution nor delivery was accomplished prior to the time that the plaintiffs' attorney communicated his clients' desire not to go forward with the transaction, no binding contract was created (*see 219 Broadway Corp. v Alexander's, Inc.*, 46 NY2d 506, 512 [1979]; *Apostle v Kac*, 113 AD2d 912 [1985]; *Beck v New York News*, 92 AD2d 823, 824-825 [1983], *affd* 61 NY2d 620 [1983]; *cf. Sorenson v Brahver*, 43 AD3d 903 [2007]). Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment dismissing the counterclaim. Skelos, J.P., Covello, Santucci and Balkin, JJ., concur.