JOSEPH ZITO et al., Respondents, v COUNTY OF SUFFOLK, Appellant. [916 NYS2d 611]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Sweeney, J.), dated March 22, 2010, as denied those branches of its motion which were for leave to amend its answer to assert the first, second, and third proposed affirmative defenses, which are based on the statute of limitations and the statute of frauds.

Ordered that the order is reversed insofar as appealed from, with costs, and those branches of the defendant's motion which were for leave to amend its answer to assert the first, second, and third proposed affirmative defenses, which are based on the statute of limitations and the statute of frauds, are granted.

The plaintiff Joseph Zito commenced this action individually and on behalf of his predecessors-in-interest against the defendant, County of Suffolk, on or about August 4, 2006, inter alia, to recover damages for breach of an alleged oral agreement pursuant to which, on October 1, 1993, he and his predecessors-in-interest conveyed their interest in certain parcels of land to the County for expansion of a road, and in return, the County agreed to convey substitute land to Zito and his predecessors-in-interest. Zito contends that the County breached the agreement, as it never conveyed to him or to his predecessors-in-interest any substitute land or any monetary compensation in consideration of their conveyances. In lieu of an answer, the County moved to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7), contending, in pertinent part, that the action was time-barred, as it accrued on October 1, 1993, and was precluded by the statute of frauds, since it was based on an oral agreement to convey interest in real property. The Supreme Court denied the motion, finding that the complaint adequately stated causes of action that were neither time-barred nor precluded by the statute of frauds. The defendant appealed from the order denying the motion, but that appeal was dismissed by decision and order on motion of this Court dated March 17, 2009, for failure to timely perfect in accordance with the Court rules.

The County thereafter interposed an answer with no affirmative defenses, and it subsequently moved for leave to amend its answer to assert several affirmative defenses, including the statute of limitations and the statute of frauds. In the order appealed from dated March 22, 2010, the Supreme Court granted the County's motion only to the extent of granting the County leave to amend its answer to assert the proposed affirmative defenses that were not raised in the County's prior motion to dismiss, and denied those branches which were for leave to amend its answer to assert affirmative defenses based on the statute of limitations and statute of frauds, finding that the prior order held that such defenses were without merit as a matter of law and, thus, such determination was the law of the case. The County appeals from so much of the order dated March 22, 2010, as denied those branches of its motion which were for leave to amend its answer to assert affirmative defen-

ses based on the statute of limitations and the statute of frauds. We reverse that order insofar as appealed from.

The dismissal of the County's prior appeal for lack of prosecution was on the merits as to all claims that were raised, or could have been raised, on those appeals (*see Bray v Cox*, 38 NY2d 350, 353 [1976]). However, whether the proposed affirmative defenses sounding in the statute of limitations and the statute of frauds were without merit as a matter of law could not have been properly raised on the prior appeal, as the issue in the prior appeal concerned the denial of a motion to dismiss, in which "the complaint is . . . afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court . . . determine[s] only whether the facts as alleged fit within any cognizable legal theory" (*Thomas v LaSalle Bank N.A.*, 79 AD3d 1015, 1017 [2010]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). In contrast, in determining whether to grant the County leave to amend its answer pursuant to CPLR 3025 (b), the allegations raised in the complaint need not be accepted as true. Instead, "[a]s a general rule, leave to amend a pleading should be granted where there is no significant prejudice or surprise to the opposing party and where the documentary evidence submitted in support of the motion indicates that the proposed amendment may have merit" (*Pike v New York Life Ins. Co.*, 72 AD3d 1043, 1047 [2010]; *see Edenwald Contr. Co. v City of New York*, 60 NY2d 957 [1983]; CPLR 3025).

Turning to the merits, the Supreme Court erred in denying those branches of the County's motion which were for leave to amend its answer to assert affirmative defenses based on the statute of limitations and the statute of frauds, as the plaintiff essentially concedes that he will not be prejudiced or surprised by allowing the County to interpose those affirmative defenses and the proposed defenses are potentially meritorious (*see* CPLR 213 [1], [2]; General Obligations Law § 5-703 [3]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957 [1983]; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755 [1983]; *Pike v New York Life Ins. Co.*, 72 AD3d at 1047; *Mackenzie v Croce*, 54 AD3d 825 [2008]; *Ricca v Valenti*, 24 AD3d 647 [2005]). Florio, J.P., Eng, Belen and Austin, JJ., concur.