■ SPARKS ASSOCIATES, LLC, Respondent, v NORTH HILLS HOLDING COMPANY II, LLC, Appellant. [941 NYS2d 695]—

In an action to recover damages for breach of contract, the defendant appeals from (1) a judgment of the Supreme Court, Nassau County (Sher, J.), dated January 13, 2011, which, upon a decision of the same court dated December 17, 2010, made after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $309,823.10, and (2) an order of the same court entered February 28, 2011, which denied its motion pursuant to CPLR 4404 (b) to set aside the decision and judgment and direct entry of judgment in its favor.

Ordered that the order is reversed, on the law and the facts, the defendant's motion pursuant to CPLR 4404 (b) to set aside the decision and judgment and direct entry of judgment in its favor is granted, and the matter is remitted to the Supreme Court, Nassau County, for entry of an appropriate amended judgment; and it is further,

Ordered that the appeal from the judgment is dismissed in light of our determination on the appeal from the order; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff, Sparks Associates, LLC (hereinafter Sparks), contracted to buy a residential unit from the defendant, North Hills Holding Company II, LLC (hereinafter North Hills). Sparks intended to assign its contractual rights to the unit prior to the closing of title. The unit was still under construction when the parties entered into the contract. The parties later signed an agreement extending the closing date and providing that Sparks would have access to the unit so it could show it to prospective purchasers. As the new closing date approached, the parties negotiated a further extension, which, among other things, would have extended the time for closing for up to an additional five months upon Sparks's additional payment for each monthly extension. Sparks signed the agreement (hereinafter the extension agreement), but North Hills did not. Nevertheless, Sparks tendered five checks to North Hills for the monthly extensions. Within a week, a dispute arose when North Hills informed Sparks that it would no longer provide access to the unit. A few weeks later, Sparks did not appear for a scheduled closing.

Sparks commenced this action alleging, among other things,

that North Hills had breached the extension agreement. Initially, Sparks sought specific performance and damages in the amount of the money it had paid to North Hills, but, before trial, it withdrew its claim for specific performance (*cf. Zeitoune v Cohen*, 66 AD3d 889, 891 [2009]).

After a nonjury trial, the Supreme Court ruled that the extension agreement was enforceable against North Hills. In particular, the Supreme Court concluded that the statute of frauds (*see* General Obligations Law §§ 5-703, 5-1103) did not bar enforcement of the extension agreement against North Hills, because Sparks had partly performed its obligations under it and, in any event, North Hills had ratified the extension agreement by establishing its willingness to close. The Supreme Court also determined that the extension agreement entitled Sparks to access the unit and that North Hills had breached the agreement by denying Sparks access. The Supreme Court awarded Sparks damages in the principal amount it had paid North Hills. North Hills moved to set aside the decision, and any judgment thereon, pursuant to CPLR 4404 (b). The Supreme Court entered a judgment in January 2011 and, in an order entered February 28, 2011, denied North Hills' motion. North Hills appeals from both the judgment and the order.

The statute of frauds provides that a contract for the sale of real property is void unless memorialized in a writing subscribed by the party to be charged (*see* General Obligations Law § 5-703 [2]). Part performance by the party seeking to enforce the contract may be sufficient in some circumstances to overcome the statute of frauds, but only in an action for specific performance (*see* General Obligations Law § 5-703 [4]; *Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229, 235 n 2 [1999]; *Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P.*, 58 AD3d 1010, 1012 [2009]; *Ognenovski v Wegman*, 275 AD2d 1013, 1014-1015 [2000]; 61 NY Jur 2d, Frauds, Statute of §§ 258, 259, at 373-376). Here, Sparks withdrew the cause of action for specific performance prior to trial. Thus, the doctrine of part performance was inapplicable, and the Supreme Court, therefore, erred in holding that Sparks's partial performance of the extension agreement defeated North Hills's reliance on the statute of frauds (*see Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P.*, 58 AD3d at 1012-1013). Additionally, under the circumstances of this case, nothing North Hills did implicated the doctrine of ratification (*see Carlton Ctr. v Carlton Nursing Home*, 303 AD2d 706, 707 [2003]; *cf. Richter v Zabinsky*, 257 AD2d 397, 398 [1999]). Finally, under the circumstances,

Sparks may not rely on equitable estoppel to defeat the statute of frauds. The prior agreement regarding the sale of the unit, to which the extension agreement was referable, provided that it could not be modified except through a signed writing. Therefore, Sparks was not justified in relying on the extension agreement absent North Hills's execution of it (*see F.B. Tr. Rd. Corp. v DRT Constr. Co.*, 241 AD2d 930, 931 [1997]). In sum, North Hills did not breach any enforceable contract by denying Sparks access to the unit.

In light of our determination, the parties' contentions regarding the precise terms of the extension agreement and damages need not be addressed.

Accordingly, North Hills's motion to set aside the decision and judgment and direct entry of judgment in its favor dismissing the complaint should have been granted. Rivera, J.P., Balkin, Eng and Austin, JJ., concur.