In an action, inter alia, to recover damages for breach of *815 contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Asher, J.), entered August 9, 2011, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendant’s motion for summary judgment dismissing the complaint is granted.
The pertinent background facts are set forth in our determination of a prior appeal (see Zito v County of Suffolk, 81 AD3d 722 [2011]). On this appeal, the defendant, County of Suffolk, appeals from an order denying its motion for summary judgment dismissing the complaint based on the statute of frauds (see General Obligations Law § 5-703 [3]), and the applicable six-year statute of limitations (see CPLR 213 [2]).
Initially, we agree with the defendant that this Court, as an appellate court, is not bound by the law of the case doctrine to adhere to the Supreme Court’s prior determination (see Hothan v Mercy Med. Ctr, 105 AD3d 905, 905-906 [2d Dept 2013]; Powell v Kasper, 84 AD3d 915, 916 [2011]; Romagnolo v Pandolfini, 75 AD3d 632, 634 [2010]).
With respect to the merits, the County met its prima facie burden of establishing that the action is barred by the statute of frauds. The statute of frauds provides, in pertinent part, that “[a] contract to devise real property or establish a trust of real property, or any interest therein or right with reference thereto, is void unless the contract or some note or memorandum thereof is in writing and subscribed by the party to be charged therewith, or by his lawfully authorized agent” (General Obligations Law § 5-703 [3]). The statute further provides that “[n]othing contained in this section abridges the powers of courts of equity to compel the specific performance of agreements in cases of part performance” (General Obligations Law § 5-703 [4]).
Here, the County established, prima facie, that there is no extant writing subscribed by the County or its agent referencing an alleged oral agreement involving real property, as described by the plaintiff (see General Obligations Law § 5-703 ; Jones v James, 37 AD3d 543, 543 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact. “Part performance by the party seeking to enforce [a] contract [for the sale of real property] may be sufficient in some circumstances to overcome the statute of frauds, but only in an action for specific performance” (Sparks Assoc., LLC v North Hills Holding Co. II, LLC, 94 AD3d 864, 865 [2012]; see General Obligations Law § 5-703 ; Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229, 235 and n 2 [1999]; Stainless *816 Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P., 58 AD3d 1010, 1012 [2009]). Since, here, the action is pleaded as one at law, and seeks only money damages, without any specific prayer for equitable relief, the plaintiff cannot rely on the doctrine of part performance to defeat the statute of frauds defense (see Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P., 58 AD3d at 1013). Accordingly, the Supreme Court should have granted the County’s motion for summary judgment dismissing the complaint, based on the statute of frauds.
In light of the foregoing, we need not address the parties’ remaining contentions. Rivera, J.E, Dickerson, Leventhal and Roman, JJ., concur.