■ JOSEPH J. SIRAGUSA, Appellant, v TEAL'S EXPRESS, INC., Defendant, and MICHAEL R. BELL, Also Known as MICHAEL'S EXPRESS, et al., Respondents. — Judgment unanimously reversed, with costs, and motion denied. Memorandum: It was an improvident exercise of discretion for Special Term to vacate plaintiff's note of issue and statement of readiness and to dismiss his complaint for failure to prosecute. Two of the defendants, Morgia's and Bell, had noticed plaintiff for an examination before trial (E.B.T.) and Bell had requested a physical examination of plaintiff. Because of the unavailability of defense counsel at various times, a date was not agreed upon. By letter dated December 15, 1981, Bell's attorney requested the other attorneys to advise of a mutually convenient date, stating that if he received no response, he intended to move for a day certain for an E.B.T. Instead, both Morgia's and Bell served plaintiff's attorney with a 90-day demand pursuant to CPLR 3216. Plaintiff filed and served his note of issue and statement of readiness. Defendants Morgia's and Bell then moved to vacate the note of issue and statement of readiness on the grounds that pretrial procedures had not been completed. Special Term granted the motion and dismissed the action for failure to prosecute (CPLR 3216, subd [b]). Special Term found that the statement of readiness which plaintiff was required to file with his note of issue (22 NYCRR 1024.4) was a nullity because it stated that a physical examination was not required and that examinations before trial had been waived, when in fact that was not the case. In so finding, the court imposed upon plaintiff the burden of scheduling defendants' examinations before trial despite the fact that they had served the 90-day demand. It is clear from the record that plaintiff did nothing to obstruct defendants' discovery and, at most, can be accused of acquiescing in

the delay. If defendants sought to compel examinations before trial, their remedy was to move pursuant to CPLR 3124 for an order directing examination. By moving for plaintiff to file a note of issue, with the concomitant necessity of filing a statement of readiness, defendants waived their right to examination inasmuch as a demand for a note of issue is inconsistent with a demand for an E.B.T. The filing of a note of issue or a demand for such filing is tantamount to asserting that all pretrial proceedings have been completed and that the case is in a trial posture. Once the statement of readiness has been filed "each party to the action is deemed to have assented to the statements contained therein and to have waived his right to pursue [discovery] proceedings" (*Cerrone v S'Doia*, 11 AD2d 350, 352; see, also, *Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp.*, 74 AD2d 734, app dsmd 50 NY2d 842; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3216:27, p 934). Nor was it fatal that plaintiff's filing was four days late with respect to defendant Morgia's. It was apparently attributable to counsel's erroneous belief that CPLR 2103 (subd [b], par 2) provided him with three extra days. In any event, it would be an improvident exercise of discretion to dismiss the complaint (*Schaffer v Route Messenger Serv.*, 65 AD2d 809; see, also, *Semler v County of Monroe*, 90 AD2d 689; cf. *Donnelly v Pepicelli*, 58 NY2d 268). (Appeal from judgment of Supreme Court, Jefferson County, Inglehart, J. — dismiss complaint.) Present — Dillon, P. J., Doerr, Denman, Green and Moule, JJ.