■ BESSIE BAXT, Respondent, v SEYMOUR COHEN et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Hughes, J.), entered January 27, 1983 in Sullivan County, which granted plaintiff's motion to vacate defendants' 90-day notices served pursuant to CPLR 3216 to the extent that plaintiff be permitted 15 additional days to file a note of issue and statement of readiness, permitted plaintiff further pretrial disclosure after said filing, directed defendants to appear and submit for examinations before trial on specified dates, and denied defendants any further pretrial disclosure unless they first obtained a court order upon a showing of special circumstances. Issue was joined in this medical malpractice action by November, 1980. An August 28, 1981 decision of Special Term (Cobb, J.), directed that depositions of all parties be conducted beginning October 21, 1981. Those examinations were never held. Approximately one year later, defendants served 90-day notices upon plaintiff pursuant to CPLR 3216. Plaintiff in turn moved to vacate the notices; in the alternative, she asked that the time to file a note of issue and statement of readiness be extended to a date at least 90 days after the completion of "all discovery heretofore or herein ordered by this Honorable Court". Special Term (Hughes, J.) granted the motion to the extent already indicated. The decision to prohibit defendants from carrying on any pretrial discovery unless special circumstances were demonstrated and a court order obtained was predicated upon Special Term's belief that, by serving the 90-day demand, defendants had announced that their pretrial disclosure had been completed (this despite the fact defendants have enjoyed no disclosure of any substance) and that defendants could have secured further disclosure, if they had truly sought it, by resorting to CPLR 3124 and 3126. We modify to permit defendants to conduct those depositions which were previously directed to commence on October 21, 1981. We have not been made aware of any authority for the proposition that, absent a showing of special circumstances, the filing of a 90-day demand effects a waiver of the demanding party's right to disclosure (see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3216:22, p 931). Furthermore, where, as here, defendants are not wholly responsible for the delays in disclosure and the court has seen fit to allow plaintiff discovery after the filing of the note of issue and statement of readiness, both fundamental fairness and a judicious policy which favors "meaningful preparation prior to trial" (*Hoenig v Westphal*, 52 NY2d 605, 610) dictate that the same privilege should be afforded to defendants. That deposing plaintiff is appropriate is supported not only by the fact that the August 28, 1981 decision so directed, but also by plaintiff's moving papers, for she explicitly states that "plaintiff has absolutely no objection whatsoever to submitting for an examination before trial". Because our modification

achieves the result contemplated by the August 28, 1981 decision, we find it unnecessary to confront defendants' claim that the January, 1983 order runs counter to CPLR 2221 in that it impermissibly altered that decision. Order modified, on the law and the facts, to permit defendants to conduct those examinations before trial contemplated by the court's decision of August 28, 1981, and, as so modified, affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.