■ GARY STANOVICK et al., Plaintiffs, v DONNER-HANNA COKE CORPORATION, Defendant and Third-Party Plaintiff-Appellant. MODERN REFRACTORIES SERVICE CORPORATION, Third-Party Defendant-Respondent.—Order unanimously reversed, on the law, with costs, and motion denied. Memorandum: Absent a timely motion to strike a note of issue or statement of readiness, a party is foreclosed from further discovery unless there is a demonstration of special, unusual or extraordinary circumstances to justify a departure from the rule foreclosing further discovery after the statement of readiness has been filed *(Gray v Crouse-Irving Mem. Hosp.,* 107 AD2d 1038, 1039; *see also, Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp.,* 74 AD2d 734, *appeal dismissed* 50 NY2d 842). This result obtains notwithstanding so-called agreements between parties which would effectively circumvent this department's calendar rules *(Gray v Crouse-Irving Mem. Hosp., supra,* p 1039; *Niagara Falls Urban Renewal Agency v Pomeroy Real Estate Corp., supra; Burnett Process v Richlar Indus.,* 47 AD2d 994).

Special Term's grant of further discovery after the case had been placed on the Trial Calendar, and on the eve of trial, was an abuse of discretion. No unusual or extraordinary circumstances have been shown and, indeed, no motion to strike the case from the calendar was made.

Third-party defendant's argument, raised for the first time on this appeal, that since no separate note of issue was filed in the third-party action (22 NYCRR 1024.4 [d]), it is not bound by plaintiff's filing of the note of issue, has no merit. Third-party defendant was served with the note of issue and statement of readiness which was captioned with both the main action and the third-party action and acknowledged service of same, 22 NYCRR 1024.4 (e) provides that within 20 days of the filing, any party may move to strike the case from the calendar, and specifically provides that "no such motion shall be allowed by *any party* thereafter" (emphasis supplied). Third-party defendant never made a motion required by the rules, which makes its motion for further discovery fatally defective. (Appeal from order of Supreme Court, Erie County, Sedita, J.—discovery.) Present—Callahan, J. P., Doerr, Green, O'Donnell and Pine, JJ.