■ WALTER EQUIPMENT, USA, INC., Appellant, v AGWAY PETROLEUM CORPORATION, Respondent.—Yesawich, Jr., J. Appeal from that part of an order of the Supreme Court (Doran, J.), entered January 31, 1986 in Albany County, which denied plaintiff's motion for a protective order vacating defendant's discovery notice.

In this action, commenced in July 1984, to recover money damages occasioned by the sale of allegedly adulterated fuel, defendant, on July 16, 1985, served a 90-day demand pursuant to CPLR 3216. After plaintiff responded that it intended to resume discovery and to facilitate the taking of depositions by both parties, it was stipulated that plaintiff's time to file the note of issue was extended to December 18, 1985. Depositions of certain of plaintiff's officers, which had been delayed and not conducted until December 17, 1985 because of plaintiff's

counsel's statement that they were no longer associated with plaintiff and their whereabouts were unknown, elicited information which prompted defendant to draft a discovery demand that very same day. The next day, plaintiff filed and served a note of issue. Thereafter, plaintiff moved to vacate defendant's discovery demand received December 23, 1985, and defendant in turn cross-moved to compel compliance therewith and to strike the note of issue. Supreme Court refused to vacate the discovery notice and allowed the note of issue to stand; plaintiff appeals the denial of its motion. We affirm.

The conduct of the parties here justifies concluding that the 90-day demand was suspended by their agreement to complete discovery. That agreement and the accompanying event that the belated depositions gave rise to a creditable need for additional discovery renders ineffectual plaintiff's assertion that by serving a CPLR 3216 demand which was complied with, defendant thereby effectively waived further discovery. Given the circumstances presented and the fact that reasonable preparation prior to trial is favored, it cannot be said that Supreme Court's ruling constituted an abuse of discretion *(see, Baxt v Cohen,* 96 AD2d 661).

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.