■ CHARLES O'DONNELL, Appellant, v NPS CORP. et al., Respondents.—In an action, inter alia, to recover damages for wrongful and abusive termination of employment, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Robbins, J.), dated April 9, 1986, which granted the defendants' motion to dismiss his third cause of action; and (2) an order of the same court dated July 22, 1986, which denied his application for reargument.

Ordered, that the appeal from the order dated July 22, 1986, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered, that the order dated April 9, 1986 is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The plaintiff-appellant Charles O'Donnell commenced the instant action against his former employer, the defendant-respondent NPS Corp. (hereinafter NPS), and two of the corporation's executive officers, Walter Ludlum and Colin Halpern, following the termination of his employment. At issue on this appeal is the dismissal of the plaintiff's third cause of action which asserts a claim for wrongful or abusive

discharge. This claim is based upon the plaintiff's allegations that his employment was terminated on March 6, 1985, at the instance of Ludlum and Halpern, because he refused to participate in their alleged illegal scheme to divert assets from Tubeco, Inc., a bankrupt NPS affiliate (which the plaintiff was managing for the defendants) to other nonbankrupt NPS affiliates. In opposition to the motion to dismiss, the plaintiff asserted that New Jersey law should be applied to this action because NPS Corp. is headquartered in that State and NPS's officers made corporate policy decisions, including the decision to terminate the plaintiff's employment, from offices located in New Jersey. The court of first instance found that the contacts were "much stronger for New York than for New Jersey" since the plaintiff had been hired and discharged in New York and had performed most of his work in New York. We agree.

It is well settled in this State that interest analysis is the relevant analytical approach to resolving choice of law questions in tort actions *(see, Schultz v Boy Scouts,* 65 NY2d 189; *Bray v Cox,* 39 AD2d 299, *mot denied* 33 NY2d 789). Interest analysis entails a substantive determination of which jurisdiction has the greatest interest in the litigation. However, the facts or contacts which are significant in defining State interests are those which relate to the purpose of the particular law in conflict. Under this formulation, the significant contacts entitled to great weight are the parties' domiciles and the locus of the tort *(see, Schultz v Boy Scouts, supra).* In this regard, we note that the instant plaintiff, as well as defendants Ludlum and Halpern, were all domiciliaries of New York. Moreover, NPS had its main office in New York during a significant portion of the time that it employed the plaintiff, and the office of Tubeco, Inc., was continuously located in New York.

At bar, while admittedly there are several issues of fact in dispute, the uncontroverted facts reveal that the parties' contacts with New York clearly outweigh any contacts which may be claimed by New Jersey. The plaintiff was hired and discharged in New York, and, at the time when the plaintiff was initially hired in May 1982 the headquarters of NPS was located in New York. While it is true that the headquarters of NPS were moved from New York to New Jersey in or about December 1983, at all times relevant to this action the plaintiff regularly reported to work in New York. In fact, from August 1982 until the time of his discharge in March 1985 the plaintiff was employed as the General Manager and Executive Vice-President of Tubeco, Inc., an NPS affiliate which was a

New York corporation permanently located in Brooklyn, New York, and the plaintiff maintained his office at that location. Thus, it is clear that New York has the most significant contacts with the matter in controversy and that the law of New York applies to this suit.

Having correctly determined that New York law governs the instant case, the court properly granted the defendants' motion to dismiss the third cause of action insofar as it alleged a claim for wrongful discharge. The plaintiff's employment relationship had no express duration and was an "at-will" employment. It is well settled that New York does not recognize a cause of action in tort for abusive or wrongful discharge (see, Sabetay v Sterling Drug, 69 NY2d 329; Murphy v American Home Prods. Corp., 58 NY2d 293). An individual employed without express contractual guarantees of job security may be discharged for no reason or for any reason not specifically proscribed by constitutional or statutory law (see, Murphy v American Home Prods. Corp., supra; Weiner v McGraw-Hill, Inc., 57 NY2d 458; Boniuk v New York Med. Coll., 535 F Supp 1353, affd 714 F2d 111). Thus, in the instant case, absent an express agreement created between the parties, the otherwise unfettered right of either party to terminate the relationship cannot be restricted.

We have reviewed the remaining contentions of the parties and find them to be without merit. Thompson, J. P., Lawrence, Eiber and Spatt, JJ., concur.