■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL J. ANTINORE, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in denying his motion to suppress his statement, which was taken without the presence of counsel. He asserts that his right to counsel had indelibly attached when the police obtained a search warrant. The issuance of the search warrant did not trigger defendant's indelible right to counsel *(see, People v Ferringer,* 120 AD2d 101, 106).

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from judgment of Genesee County Court, Morton, J.—rape, third degree.) Present—Dillon, P. J., Callahan, Boomer, Lawton and Davis, JJ.

■ FRANK GLIONNA, Respondent, v KUBOTA, LTD., et al., Appellants, et al., Defendants. (And a Third-Party Action.)— Order unanimously affirmed without costs. Memorandum: Special Term did not abuse its discretion in granting plaintiff's motion to serve a second amended and supplemental bill of particulars, even though plaintiff had filed the note of issue and certificate of readiness nearly two months earlier, because plaintiff demonstrated that special circumstances existed which supported the grant of this relief *(see,* CPLR 3025 [b]; *cf., Stanovick v Donner-Hanna Coke Corp.,* 116 AD2d 1000; *Gray v Crouse-Irving Mem. Hosp.,* 107 AD2d 1038; *Gardner v Fyr-Fyter Co.,* 55 AD2d 816). Moreover, on this record, defendants have not shown that they have been "hindered in the preparation of [their] case or [have] been prevented from taking some measure in support of [their] position" *(Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23, *rearg denied* 55 NY2d 801; *see, also, Rutz v Kellum,* 144 NY2d 1017, 1018). (Appeal from order of Supreme Court, Onondaga County, Hayes, J.—amended bill of particulars.) Present—Dillon, P. J., Callahan, Boomer, Lawton and Davis, JJ.