16 EDWARD T. BRADY, Respondent-Appellant, v LEONA M. HELMSLEY et al., Appellants-Respondents. [668 NYS2d 198] —Or-

der, Supreme Court, New York County (Herman Cahn, J.), entered January 16, 1997, which, *inter alia*, granted defendants' motion to dismiss plaintiff's causes of action for abusive discharge, breach of contract and intentional infliction of emotional distress as against all defendants, and his cause of action for age discrimination but only as against one of the defendants, unanimously affirmed, without costs.

There is no cause of action in New York for abusive discharge (*Murphy v American Home Prods. Corp.*, 58 NY2d 293), even where it is alleged that the discharge was brought on by a refusal to participate in an illegal scheme (*see, O'Donnell v NPS Corp.*, 133 AD2d 73). Nor does plaintiff's alleged firing for having told the individual defendant's attorneys that he had not seen her perform community service state a cause of action for breach of implied contract, since it cannot be said that candor with defendant's attorneys, or, for that matter, with criminal justice authorities, was at the core of plaintiff's employment with defendant (*cf., Haviland v Aron & Co.*, 212 AD2d 439, 440, *lv denied* 85 NY2d 810, distinguishing *Wieder v Skala*, 80 NY2d 628). The cause of action for intentional infliction of emotional distress was properly dismissed for failure to allege conduct sufficiently extreme and outrageous. The cause of action for employment discrimination on the basis of age was properly dismissed as against one of the two corporate defendants in view of the unrefuted documentary evidence, including W-2 forms, demonstrating that plaintiff was. employed by, and received his salary only from, the other corporate defendant. That cause of action was properly sustained as against the individual defendant, first on the basis of allegations that she directed plaintiff's hours of employment, ordered his termination and later reinstatement, and otherwise controlled his employment in a business organization that she controlled and that had many more than the four employees required by Executive Law § 292 (5), and also upon allegations that her household staff also consisted of more than four persons at the time of plaintiff's termination. The cause of action for breach of an alleged oral promise to pay plaintiff's 20-year mortgage was properly sustained as against the defense of the Statute of Frauds (General Obligations Law § 5-701 [a] [1]), since defendants' actual payment of the mortgage for almost four years, and *plaintiff's* taking up an additional residence in one of defendants' buildings in Manhattan when he already had a residence in Queens, are sufficiently extraordinary to show, at least for pleading purposes, partial performance removing the alleged oral agreement from the Statute of Frauds (*see, Anostario v Vicinanzo*, 59 NY2d 662, 664).

Concur—Milonas, J. P., Rosenberger, Williams and Mazzarelli, JJ.