■ EDP Hospital Computer Systems, Inc., Respondent, v Bronx-Lebanon Hospital Center, Appellant. [789 NYS2d 50]—

In an action, inter alia, to recover damages for breach of an oral agreement, the defendant appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated May 5, 2003 (Weiss, J.), as denied its cross motion to dismiss the complaint for failure to prosecute, or alternatively, for summary judgment dismissing the complaint, and (2) from an order of the same court dated September 11, 2003, which granted the plaintiff's motion to strike its "restated notice of depositions" and denied its cross motion to compel the plaintiff to comply with the "restated notice of depositions."

Ordered that the order dated May 5, 2003, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated September 11, 2003, is reversed, on the law and as a matter of discretion, without costs or disbursements, the motion to strike the "restated notice of depositions" is denied, and the cross motion to compel the plaintiff to comply with the restated notice of depositions is granted.

In this action commenced in 1992, the plaintiff alleged that the defendant, inter alia, breached an oral agreement for the plaintiff to provide computer support services. Discovery

proceeded through 1995, but over the next seven years, the plaintiff took virtually no additional steps to prosecute the action.

By letter dated September 24, 2002, the defendant made a written demand pursuant to CPLR 3216 for the plaintiff to serve and file a note of issue within 90 days. In response, the plaintiff attempted to file a note of issue and certificate of readiness sometime in late December 2002, just days before the expiration of the 90-day deadline. The note and certificate, however, were rejected by the Trial Term office of the Supreme Court, Queens County, on or about December 24, 2002, because, unbeknownst to the plaintiff, the action had been marked "inactive" as of October 12, 1996. Following instructions provided by the Trial Term office, the plaintiff then moved in January 2003 to restore the case to "active" status. The defendant cross-moved pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute, or alternatively, for summary judgment dismissing the complaint on the ground, inter alia, that enforcement of the oral agreement was barred by the statute of frauds (see General Obligations Law § 5-701 [a] [1]). The Supreme Court granted the motion and denied the cross motion. The defendant subsequently served a "restated notice of depositions" to take the depositions of certain officers and employees of the plaintiff. The plaintiff moved to strike the restated notice of depositions, and the defendant cross-moved to compel further discovery. The Supreme Court granted the motion and denied the cross motion. These appeals followed.

Contrary to the defendant's contention, that branch of its cross motion which was to dismiss the complaint for failure to prosecute pursuant to CPLR 3216 was properly denied. Following receipt of the defendant's demand pursuant to CPLR 3216 (b) (3), the plaintiff timely mailed to the defendant's counsel, and timely attempted to file with the Supreme Court, a note of issue and certificate of readiness. The Trial Term office improperly rejected the filing, however, because the action had been marked "inactive" (see Farley v Danaher Corp., 295 AD2d 559 [2002]; Lopez v Imperial Delivery Serv., 282 AD2d 190 [2001]). Under these circumstances, the plaintiff's note of issue and certificate of readiness is deemed to have been timely filed for the purpose of compliance with CPLR 3216.

The Supreme Court also properly denied the branch of the defendant's cross motion which was for summary judgment dismissing the plaintiff's remaining causes of action for failure to comply with the statute of frauds (see General Obligations Law § 5-701 [a] [1]). In its amended complaint, the plaintiff

averred that in or about December 1987 it entered into an oral agreement with the defendant to provide certain computer services. Although the original agreement allegedly was for an indefinite term and could be terminated upon reasonable notice, the plaintiff claimed that in November 1991 the parties orally agreed to continue the agreement for at least two additional years. After the defendant established its prima facie entitlement to summary judgment by tendering evidence that the alleged oral agreement failed to comply with the provisions of General Obligations Law § 5-701 (a) (1), the plaintiff, in opposition, submitted evidence of partial performance in reliance upon, and unequivocally referable to, the oral agreement. Such evidence was sufficient to raise an issue of fact as to whether the oral agreement was removed from the statute of frauds (*see Gerry's Foods of Oceanside v Blue Ridge Farms*, 292 AD2d 417 [2002]; *Brady v Helmsley*, 246 AD2d 486 [1998]; *cf. Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group*, 93 NY2d 229 [1999]).

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion to strike the defendant's restated notice of depositions. While the plaintiff, in its certificate of readiness, unequivocally waived any right to further discovery, the defendant did not waive such right simply by serving a demand pursuant to CPLR 3216 (*see Baxt v Cohen*, 96 AD2d 661 [1983]). Particularly in light of the defendant's representation that the noticed depositions "could easily both be completed with one day," the plaintiff's motion to strike the restated notice of depositions should have been denied.

The parties' remaining contentions are without merit. Ritter, J.P., Goldstein, Smith and Fisher, JJ., concur.