*204 OPINION OF THE COURT
Paul A. Victor, J.
Relief Sought
Defendant New York City Transit Authority (NYCTA) moves to strike the plaintiff’s note of issue for failure to provide discovery. Plaintiff cross-moves to “dismiss” the defendant’s motion, with sanctions, for failure to attempt to resolve the motion in good faith.
An Unresolved Procedural Issue
The motion and cross motion raise a point of civil procedure which has engendered diverging appellate decisions, and which appears to be unresolved in the First. Department. Does service of a CPLR 3216 demand constitute a waiver of discovery?
Facts and Procedural History
This is an action to recover damage for personal injury arising out of a slip and fall accident on the steps in a New York City subway station on September 24, 1998. On May 25, 2005, the Bronx County Supreme Court notified plaintiff’s counsel to appear at a status conference. In accordance with the procedure in Bronx County, the defendant was not notified to appear at the conference. While plaintiff contends that the defendant was in fact present, the presence or absence of the defendant would have been immaterial, since the sole purpose of the status conference was for the court to personally serve plaintiff’s counsel with a CPLR 3216 demand. In response to the demand personally served by the court, plaintiff filed a note of issue and certificate of readiness dated August 23, 2005, the latter of which inaccurately stated that all discovery has been completed.
By letter dated September 12, 2005, defendant’s counsel sent a letter to plaintiff indicating that numerous authorizations for medical, school, and employment records, and certain other incidental items, had not been exchanged, and that plaintiff should contact defendant’s counsel immediately to resolve the situation. When no response was received, defendant moved to vacate plaintiffs note of issue.*
At oral argument on the motion, one argument of merit was raised. Plain tiff argued that defendant was present at the *205 aforementioned conference scheduled by the court, at which the court itself served the plaintiff with a 90-day notice pursuant to CPLR 3216. Plaintiff argues that defendant’s “acquiescence” in the court-directed procedure constituted a waiver, on defendant’s part, of further discovery in this action. Plaintiff does not claim that the defendant’s failure to press for the completion of discovery prior to the filing of the note of issue constituted a waiver of defendant’s right to further discovery in this action.
Discussion and Conclusion
Discovery is Not Waived By a CPLR 3216 Demand
Neither this court nor the parties have located a First Department case indicating whether service of a CPLR 3216 demand, either by the defendant or by the court, constitutes a waiver of discovery.
In arguing that discovery in this case was waived by the service of a CPLR 3216 demand, plaintiff relies on a Second Department case, Cosenza v Malvin (158 AD2d 653 [2d Dept 1990]). The Court in Cosenza v Malvin indeed held that the filing of a CPLR 3216 demand by defendant (not the court) constituted a waiver of further discovery. This decision is, however, completely at odds with a more recent Second Department case in which the Court held “[w]hile the plaintiff, in its certificate of readiness, unequivocally waived any right to further discovery, the defendant did not waive such right simply by serving a demand pursuant to CPLR 3216 (see Baxt v Cohen, 96 AD2d 661 [1983]).” (EDP Hosp. Computer Sys., Inc. v Bronx-Lebanon Hosp. Ctr., 13 AD3d 476, 478 [2d Dept 2004].) The holding in Cosenza v Malvin is equally inconsistent with an earlier Third Department case, Baxt v Cohen (96 AD2d 661, 661 [3d Dept 1983]), in which the Court stated, “[w]e have not been made aware of any authority for the proposition that, absent a showing of special circumstances, the filing of a 90-day demand effects a waiver of the demanding party’s right to disclosure.” (Citation omitted; see also, Allone v University Hosp. of N.Y. Univ. Med. Ctr., 249 AD2d 430 [2d Dept 1998] [90-day demands were not abandoned or waived by the defendants’ requests for further discovery].)
The principle that the service of a CPLR 3216 demand constitutes a waiver of discovery appears to have originated in a line *206 of cases originating in the Fourth Department. In the seminal case of Siragusa v Teal’s Express (96 AD2d 749 [4th Dept 1983]), the Court was confronted with a situation in which the defendant, while contending that it was entitled to an examination before trial, served a CPLR 3216 demand on the plaintiff. The Court reasoned,
“If defendants sought to compel examinations before trial, their remedy was to move pursuant to CPLR 3124 for an order directing examination. By moving for plaintiff to file a note of issue, with the concomitant necessity of filing a statement of readiness, defendants waived their right to examination inasmuch as a demand for a note of issue is inconsistent with a demand for an E.B.T. The filing of a note of issue or a demand for such filing is tantamount to asserting that all pretrial proceedings have been completed and that the case is in a trial posture.” (96 AD2d at 750; see also, King v Milazzo, 155 AD2d 1000 [4th Dept 1989]; Gray v Crouse-Irving Mem. Hosp., 107 AD2d 1038 [4th Dept 1985].)
In Witmer v Biehls (219 AD2d 870, 870 [4th Dept 1995]), the Fourth Department adhered to these prior precedents, holding that
“By demanding that plaintiff file a note of issue, with the concomitant necessity of filing a statement of readiness, defendant waived his right to further discovery. A demand for such filing is inconsistent with a demand for discovery (see, King v Milazzo, 155 AD2d 1000; Siragusa v Teal’s Express, 96 AD2d 749, 750).”
In view of the divergence of authority between the Fourth Department, on the one hand, and the Second and Third Departments, on the other, and in the absence of a First Department case on point, this court now holds that the service of a CPLR 3216 90-day demand, whether by the defendant or by the court with the defendant’s acquiescence, does not constitute a waiver of discovery. In reaching this conclusion, the court is guided by accepted procedures and case law with respect to the use and function of a CPLR 3216 demand in the First Department, which, while not specifically addressing the issue of waiver, clearly imply that waiver does not result from service of the CPLR 3216 demand.
*207 Employing CPLR 3216 Procedures in the First Department
Many attorneys in this department believe that upon being served with a 3216 demand, they should immediately file a note of issue. Since the filing of a note of issue requires the concomitant filing of a statement of readiness, many plaintiffs attorneys either state “inaccurately” that discovery is complete (as was the case here), or they recite in the statement of readiness that all discovery is complete with certain exceptions, which they then list on the statement of readiness. This court condones neither of those approaches. One method is disingenuous, and the other results in a distortion of the court rules and the meaning of “readiness.” The filing of a note of issue with an incorrect assertion that discovery is completed is not a sufficient response to a 3216 demand (Blackwell v Long Is. Coll. Hosp., 303 AD2d 615 [2d Dept 2003] [because plaintiffs certificate of readiness incorrectly stated that all pertinent pretrial discovery had been waived, the filing of the note of issue was a nullity]; Yona v Beth Israel Med. Ctr., 285 AD2d 460 [2d Dept 2001] [filing of false certificate of readiness was a misuse of process]). In addition, if the plaintiff desires to file a note of issue without a statement of readiness, reserving the right to conduct discovery post-note of issue, the prior approval of the court is required.
Upon being served with a 90-day notice, plaintiff should complete discovery, if that can be done, and file a note of issue with a true statement of readiness. If discovery cannot be completed, plaintiff should move for an extension of time to complete discovery. As the First Department stated in Grant v City of New York (17 AD3d 215, 216-217 [1st Dept 2005]):
“CPLR 3216 . . . does not specifically discuss the possibility that a plaintiff might instead, within that time period, need to seek an extension of time in order to complete discovery before filing a note of issue, numerous cases establish that a motion seeking such an extension constitutes a sufficient, timely response to a 90-day notice. These cases explain that a plaintiff who fails to comply with a 90-day notice ‘either by timely filing [of] a note of issue or moving for an extension of time within which to comply pursuant to CPLR 2004,’ is in default of the notice and therefore must demonstrate a reasonable excuse and a good and meritorious cause of action to avoid the sanction of dismissal (see Papadopoulas v R.B. Supply Corp., *208 152 AD2d 552, 553 [1989] [emphasis supplied]; see also Abelard v Interfaith Med. Ctr., 202 AD2d 615 [1994]). Conversely, these cases suggest, making an application to extend plaintiff’s time to file a note of issue within that 90-day period serves to prevent a default on the notice ... In exercising its discretion as to whether an extension should be granted, ‘the court may properly consider factors such as the length of the delay, whether the opposing party has been prejudiced by the delay, the reason given for the delay, [and] whether the moving party was in default before seeking the extension’ (Tewari v Tsoutsouras, 75 NY2d 1, 12 [1989]; see Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 2004, at 693).”
Law office failure may be accepted as an excuse (Tewari, supra).
Clearly, the mechanism set forth in Grant for extending the time to file a note of issue would be entirely unnecessary if the service of the CPLR 3216 demand in itself waived further discovery. Grant, by implication, dispels the notion that the service of a CPLR 3216 demand waives further discovery. To the extent that Grant might be read as authorizing only completion of the discovery sought by the plaintiff, this court holds that in view of the absence of any guidance from the First Department, and in view of the split in authority outlined above, that the service of a 3216 demand does not waive discovery by any party. To hold otherwise would severely limit the usefulness of CPLR 3216 as a tool to compel prosecution of an action, and would, in addition, eviscerate the underlying purpose of the service of the CPLR 3216 demand, which is to compel plaintiff to take responsibility for completing discovery and to foster court policy establishing standards and goals for the completion of discovery and the expeditious trial of pending cases.
The note of issue is therefore stricken. (See Davis v Goodsell, 6 AD3d 382, 385 [2d Dept 2004] [“Nothing in the Uniform Rules of the Trial Court (see 22 NYCRR 202.21 [e]) or in CPLR 3216 authorizes, much less requires, dismissal of an action, as opposed to vacatur of the note of issue (see 22 NYCRR 202.21 [e]) as a consequence of a good-faith misstatement of fact such as the one under review in this case contained in a note of issue or *209 certificate of readiness that has been timely filed in compliance with a ‘90 day notice’ ” (emphasis added)].)
Conclusion
The motion to strike is granted. The cross motion is granted, in the interest of justice, only to the extent of extending plaintiffs time to complete discovery and to file a new note of issue for a period of 60 days following service of a copy of this order with notice of entry thereon.

 In view of this obvious good-faith attempt to resolve the issue, the court finds no need to reach the issues raised on the cross motion suggesting that *205 defendant failed to attempt to resolve the issues in good faith prior to resorting to motion practice. (See Uniform Rules for Trial Cts [22 NYCRR] § 202.7 [a] [2].)