OPINION OF THE COURT
Vito M. DeStefano, J.
Introduction
The defendants move pursuant to CPLR 2221 (d) to reargue *650 that branch of their prior “motion for summary judgment dismissing the fifth cause of action” (breach of contract claim), which was denied in a decision and order of this court dated March 8, 2013 (prior order), and, upon reargument, to dismiss the fifth cause of action.
For the reasons that follow and to the extent outlined herein, the court grants reargument and, upon reargument, grants the branch of the defendants’ motion seeking dismissal of the fifth cause of action for breach of contract (CPLR 3211 [a] [5]).
Background
Initially, the court notes that in the underlying motion, the defendants sought dismissal of the breach of contract cause of action pursuant to, inter alla, CPLR 3212. However, the court, in its prior order, denied that branch of the motion which sought summary judgment inasmuch as the defendants failed to annex a copy of the answer to their motion papers as required by CPLR 3212 (b). The instant motion, therefore, to the extent that it seeks reargument of the branch of the prior motion for summary judgment, cannot establish that the court overlooked or misapprehended the law in this regard.[1]
In the underlying motion, the defendants also sought dismissal pursuant to CPLR 3211 (a) (7). Specifically, the defendants argued that the oral agreement which is the subject of this action violated the statute of frauds insofar as it could not be performed within one year. The court denied this branch of the motion, analyzing it under CPLR 3211 (a) (7) in accordance with the parties’ arguments and submissions. However, the correct analysis should have been under CPLR 3211 (a) (5), which specifically lists the statute of frauds as a defense thereunder.
Analysis
General Obligations Law § 5-701 (a) (1) provides that every “agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith ... if such agreement . . . [b]y its terms is not to be performed within one year from the making thereof.”
In its prior order, the court concluded that the subject agreement violated the statute of frauds considering that it was an *651 oral agreement to pay commissions over a three-year period. The court, nevertheless, denied the branch of defendants’ motion seeking dismissal of the breach of contract cause of action in light of the potential applicability of the doctrine of part performance (prior order at 4-5).
In the instant motion, the defendants assert that the court should dismiss the breach of contract cause of action because of the numerous cases establishing that “the part performance exception does not apply to General Obligations Law § 5-701 (a) (1)” (affirmation in support 11 4).
The defendants are correct that there is ample case law supporting the conclusion that the doctrine of part performance does not apply to General Obligations Law § 5-701, but, rather, is limited to real estate transactions (or other statutes which delineate the exception), and more specifically, to salvaging oral conveyances of real property otherwise invalid under General Obligations Law § 5-703.[2] In this regard, the Court of Appeals has explicitly stated that it has never treated the doctrine of part performance as an exception to General Obligations Law § 5-701. Specifically, in Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group (93 NY2d 229, 234 n 1 [1999] [Messner]), the Court of Appeals noted that the part performance exception to the statute of frauds is “wholly grounded upon General Obligations Law § 5-703” and that it had not “recognized a parallel judicially-created part performance exception to [General Obligations Law] § 5-701.”
In Stephen Pevner, Inc. v Ensler (309 AD2d 722, 722 [1st Dept 2003]), the First Department, citing Messner, stated that the part performance exception to the statute of frauds “applies to General Obligations Law § 5-703, which deals with real estate transactions, but it has not been extended to General Obligations Law § 5-701” (but see Carey & Assoc. v Ernst, 27 AD3d 261 [1st Dept 2006] [Court applied a part performance exception analysis to ascertain whether the plaintiffs part performance was unequivocally referable to an oral agreement which would render the agreement enforceable notwithstanding its unenforceability pursuant to General Obligations Law § 5-701 (a) (2)]; Travis v Fallani & Cohn, 292 AD2d 242 [1st Dept 2002] [parties’ conduct demonstrated a non-real estate related oral *652 agreement unequivocally referable to the agreement which was not barred by the statute of frauds]).
According to the Third Department in Valentino v Davis (270 AD2d 635, 637 [3d Dept 2000]),
“[t]o the extent that plaintiff attempts to avoid the Statute of Frauds defense by arguing that the doctrine of part performance should be applied, we reject this argument. The Court of Appeals has recently clarified that the doctrine of part performance cannot save contracts governed by General Obligations Law § 5-701,” and in view of the Court of Appeals’ pronouncement in Messner, “we hold that part performance is not a viable option to salvage plaintiffs breach of contract claim.”
And, in American Tower Asset Sub, LLC v Buffalo-Lake Erie Wireless Sys. Co., LLC (104 AD3d 1212 [4th Dept 2013]), the Fourth Department ruled that the doctrine of part performance was inapplicable to defeat a letter of intent agreement which was barred by General Obligations Law § 5-701 (a) (1) of the statute of frauds. In so concluding, the Court stated that, to the extent it had held in the past that the doctrine of part performance was applicable to acts governed by section 5-701 of the General Obligations Law, “those cases are no longer to be followed” (id. at 1212-1213).
In contrast, the Second Department has applied the part performance doctrine to agreements that violated the statute of frauds insofar as such agreements could not be performed within one year.[3] Recently, in EDP Hosp. Computer Sys., Inc. v Bronx-Lebanon Hosp. Ctr. (13 AD3d 476, 477-478 [2d Dept 2004] \EDP]), the Second Department held as follows:
“The Supreme Court also properly denied the branch of the defendant’s cross motion which was for summary judgment dismissing the plaintiff’s remaining causes of action for failure to comply with *653 the statute of frauds. In its amended complaint, the plaintiff averred that in or about December 1987 it entered into an oral agreement with the defendant to provide certain computer services. Although the original agreement allegedly was for an indefinite term and could be terminated upon reasonable notice, the plaintiff claimed that in November 1991 the parties orally agreed to continue the agreement for at least two additional years. After the defendant established its prima facie entitlement to summary judgment by tendering evidence that the alleged oral agreement failed to comply with the provisions of General Obligations Law § 5-701 (a) (1), the plaintiff, in opposition, submitted evidence of partial performance in reliance upon, and unequivocally referable to, the oral agreement. Such evidence was sufficient to raise an issue of fact as to whether the oral agreement was removed from the statute of frauds (see Gerry’s Foods of Oceanside v Blue Ridge Farms, 292 AD2d 417 [2002];[4] Brady v Helmsley, 246 AD2d 486 [1998];[5] cf. Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, 93 NY2d 229 [1999]).”
Under the circumstances, the court would be constrained to follow EDP, especially considering that the Second Department specifically rejected appellant’s argument therein that the
“doctrine of part performance does not apply to contracts, such as the alleged contract in this case, that cannot be performed within one year of their making and that are therefore governed by General Obligations Law § 5-701. Rather, it is limited to conveyances and contracts concerning real property that are governed by General Obligations Law *654 § 5-703” (reply brief for appellant, available at 2004 WL 3392386, *20).
Also significant is the Second Department’s “cfi” citation to the Court of Appeals’ decision in Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group, thus underscoring the Second Department’s expanded application of the part performance doctrine.
Notwithstanding the foregoing, the court notes that the doctrine of part performance is itself subject to an exception that precludes its application here. Significantly, it has been held that where an action “is pleaded as one at law, and seeks only money damages, without any specific prayer for equitable relief, the plaintiff cannot rely on the doctrine of part performance to defeat the statute of frauds defense” (Zito v County of Suffolk, 106 AD3d 814, 816 [2d Dept 2013]; see also Sparks Assoc., LLC v North Hills Holding Co. II, LLC, 94 AD3d 864, 865 [2d Dept 2012] [part performance may be sufficient in some circumstances to overcome the statute of frauds, “but only in an action for specific performance”]; Stainless Broadcasting Co. v Clear Channel Broadcasting Licenses, L.P., 58 AD3d 1010 [3d Dept 2009]; Farash v Sykes Datatronics, 90 AD2d 965, 965 [4th Dept 1982] [“equitable claim of part performance cannot be applied in an action at law”]; 73 Am Jur 2d, Statute of Frauds § 296 [“doctrine of part performance is purely an equitable doctrine, unrecognized at law, and accordingly will not sustain an action at law based on a contract within the Statute of Frauds. Thus, the part performance exception to the Statute of Frauds is inapplicable in a suit where only money damages are sought”]).[6]
At bar, the complaint does not seek specific performance of the relevant oral agreement but only money damages. This distinguishes the instant matter from EDP, wherein the plaintiff *655 advanced claims for both breach of contract and specific performance.[7]
Accordingly, it is hereby ordered that the defendants’ motion to reargue is granted and, upon reargument, the court grants that branch of the underlying motion seeking dismissal of the fifth cause of action for breach of contract and the cause of action is dismissed.

. Neither has an answer been annexed to the instant motion which might support an application for renewal of the branch of the motion for summary judgment.

. “There are a great many cases and some treatises in which it is said that this doctrine (or any similar one) is inapplicable to oral contracts that are unenforceable under the one-year statute of frauds” (4-19 Corbin on Contracts § 19.15).

. In Klein v Jamor Purveyors (108 AD2d 344 [2d Dept 1985]), a case involving General Obligations Law § 5-701 (a) (1), the Second Department concluded that the facts therein did not constitute one of the “exceptional situations” in which the doctrine of part performance could have removed the action from “the sweep of the Statute of Frauds.”
Nine years later, in Durante Bros. Constr. Corp. v College Point Sports Assn. (207 AD2d 379 [2d Dept 1994]), the Second Department held that the doctrine of part performance did not apply because the plaintiffs alleged acts were not “unequivocally referable” to the agreement which could not be performed within one year, thus violating the statute of frauds.

. In Gerry’s Foods of Oceanside v Blue Ridge Farms (292 AD2d 417, 417 [2d Dept 2002]), the Second Department reversed the Supreme Court’s order which held that the doctrine of part performance was inapplicable to the parties’ alleged oral agreement. According to the Second Department, there were “issues of fact as to whether the parties’ actions, including the transfer of assets and payment of royalties, constituted partial performance unequivocally referable to the unexecuted sales agreement, thereby removing the agreement from the Statute of Frauds.”

. Brady v Helmsley (246 AD2d 486 [1st Dept 1998] [partial performance removed an alleged oral agreement from the statute of frauds (General Obligations Law § 5-701 [a] [1])]) was decided a year prior to the Court of Appeals’ 1999 decision in Messner Vetere Berger McNamee Schmetterer Euro RSCG v Aegis Group.

. “The rule that part performance may make a contract for the sale of land specifically enforceable was the creation of the courts of equity and was not recognized at common law. Even after law and equity were combined, the result has been that a suit solely for damages, or other purely common law remedy, for breach of the express contract is generally not maintainable, however greatly the plaintiff may have changed position in reliance on the contract and however unjust it may have been for the defendant to make use of the statute of frauds in defense. ‘Part performance’ may make specific enforcement available; it does not make a judgment for damages available” (4-18 Corbin on Contracts § 18.3).

. In EDP, the issue of part performance in actions at law was not raised by the parties or addressed by the court. However, the viability of the specific performance cause of action was raised in EDP and the court affirmed the denial of summary judgment dismissing that cause of action. Interestingly, in a subsequent appeal in the same matter, the Second Department dismissed the specific performance cause of action (EDP Hosp. Computer Sys., Inc. v Bronx-Lebanon Hosp. Ctr., 63 AD3d 665 [2d Dept 2009]).